# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-IA-00863-SCT

*RAPHAEL GOODWIN, JR.,
ADMINISTRATOR OF THE ESTATE OF
BARBARA GRAY GOODWIN; RAPHAEL
GOODWIN, JR., INDIVIDUALLY; EMMA
DELORES GOODWIN, A MINOR, BY AND
THROUGH HER MOTHER AND NEXT
FRIEND VALERIE HUGHES; AND THE
ESTATE OF RAPHAEL GOODWIN, SR.*

*v.*

*CULPEPPER ENTERPRISES, INC., AND
APAC MISSISSIPPI, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/2006 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | HENRY PALMER |
| | WILL PARKER |
| ATTORNEYS FOR APPELLEES: | MARCUS ALFRED TREADWAY,III |
| | JAMES D. HOLLAND |
| | JAY MAX KILPATRICK |
| | ERIN S. RODGERS |
| | ROBERT L. WELLS |
| NATURE OF THE CASE | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 09/06/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

*WILLIAM IVY*

*v.*

*CULPEPPER ENTERPRISES, INC., AND APAC MISSISSIPPI, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/2006 |
| TRIAL JUDGE: | HON. FRANKLIN COLEMAN |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY COURT |
| ATTORNEY FOR APPELLANTS: | HENRY PALMER |
| ATTORNEYS FOR APPELLEE: | MARCUS ALFRED TREADWAY , III |
| | JAMES D. HOLLAND |
| | JAY MAX KILPATRICK |
| | ERIN S. RODGERS |
| | ROBERT L. WELLS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 09/06/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., DICKINSON AND LAMAR, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     Plaintiffs, Barbara Gray Goodwin, Raphael Goodwin, Jr., and Emma Delores Goodwin (collectively, the "Goodwins") appeal the circuit court's order transferring venue of their claims from Lauderdale County to Covington County on the basis of *forum non conveniens*.  Finding that, at the time this suit was filed, neither the common law nor the Mississippi Rules of Civil Procedure allowed an intrastate change of venue based on the doctrine of *forum non conveniens*, we reverse and remand.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     On June 20, 2002, Joseph McCrary was involved in a motor vehicle accident in Lauderdale County. Raphael Goodwin, Sr. (Mr. Goodwin) and Guy Thrasher died as a result of the collision, and suits were filed behalf of each. Additionally, several other claims for physical injuries and property damages resulted in eight separate suits. Two suits were brought in the Circuit Court of Lauderdale County, two in the County Court of Lauderdale County, and four in the Circuit Court of Covington County.

¶3.     The Goodwins filed their complaint in the Circuit Court of Lauderdale County. On May 6, 2006, after conferring with the Circuit Judge of Covington County and the County Court Judge of Lauderdale County, the Lauderdale Circuit Court, on its own motion, transferred venue of all the Goodwin claims to the Covington County Circuit Court, with the exception of a claim against Mississippi Department of Transportation (MDOT).

¶4.     In his order, Circuit Judge Robert Walter Bailey of Lauderdale County stated that the Circuit Court Judge of Covington County "can entertain the trial much earlier than the Circuit Court of Lauderdale County." Judge Bailey also said, "in the interest of judicial economy, to prevent inconsistent verdicts and for the convenience of the parties, this court is of the opinion that the cases against the non-State defendant should all be tried in the Covington County Circuit before one jury and one judge." Accordingly, the Lauderdale County Circuit Judge entered an order transferring venue of all the Godwin claims to the Circuit Court of Covington County. Aggrieved by the Court's order to transfer venue, the Goodwins timely filed a Petition for Interlocutory Appeal, which was granted.

3

**DISCUSSION**

¶5.    Change of venue is left to the discretion of the trial judge, whose ruling will not be disturbed on appeal unless it is a clear abuse of discretion. *Earwood v. Reeves*, 798 So. 2d 508, 512 (Miss. 2001) (quoting *Miss. State Highway Comm'n v. Rogers*, 128 So. 2d 353, 358 (Miss. 1961)).

**I.**

¶6.    The Goodwins argue:  (1) that the trial judge abused his discretion by transferring venue from Lauderdale County to Covington County, and (2) that it will be difficult for one jury to comprehend and analyze the facts of each lawsuit if all eight lawsuits are consolidated.  Because we find the trial judge abused his discretion in transferring venue to Covington County, we find that first issue dispositive.

**II.**

¶7.    Neither side disputes that both Covington County and Lauderdale County qualify as proper venues for the suits at issue. Section 11-11-3 of the Mississippi Code states that civil actions "shall be commenced . . . in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred."  Miss. Code Ann. § 11-11-3 (Rev. 2004).  However, the Goodwins chose to file their suit in Lauderdale County. When this suit was filed on June 27, 2002, Mississippi had no rule allowing intrastate transfer of venue based on *forum non conveniens*.  The applicable rule on the issue was announced in *Clark v. Luvel Dairy Products, Inc.*, 731 So. 2d 1098, 1107 (Miss. 1998), wherein this Court held that the doctrine of *forum non conveniens* is "inapplicable when the trial court is faced with a choice of venue between two Mississippi counties."

4

¶8. In 2004, this Court promulgated Mississippi Rule of Civil Procedure 82(e), which allows intrastate transfer of cases for *forum non-conveniens*. This amendment to Rule 82, however, was not retroactive, and applied only to cases filed after February 20, 2004. Miss. R. Civ. P. 82(e). Since the instant case was filed on June 27, 2002, prior to the effective date of Rule 82(e), the doctrine of *forum non conveniens* was not available and, therefore, the trial court abused its discretion by transferring venue to Covington County.

¶9. Therefore, we must reverse the order to transfer venue, and we remand this case to the Circuit Court for the Tenth Judicial District of Lauderdale County, Mississippi, to conduct proceedings consistent with this Court's opinion.

¶10. **REVERSED AND REMANDED**.

**SMITH, C.J., WALLER AND DIAZ, P.JJ., CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**